NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY LEE GIVENS,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No. 19-35671

D.C. No. 2:18-cv-00581-JR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted May 9, 2022[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and ROBRENO,[***]
District Judge.

Gregory Lee Givens appeals the district court's affirmance of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act. We reverse and remand.

Givens's claim for benefits was first denied by the ALJ in 2012. The district court remanded the case to the ALJ for further proceedings in 2015 after the Commissioner conceded that the ALJ erred in evaluating evidence related to Givens's complex regional pain syndrome ("CRPS"), in evaluating plaintiff's testimony, and in weighing the medical opinion of treating neurologist Dr. Rodrigo Lim. On remand, a different ALJ concluded that CRPS was not a "medically determinable" impairment for Givens, and she ignored some of the limitations Dr. Lim attributed to CRPS.

The ALJ's determination that CRPS was not medically determinable is not supported by substantial evidence because it relied on a mischaracterization of the testimony the medical expert provided in 2012 and ignored substantial record evidence of the clinical basis for the diagnosis. The ALJ also failed to consult the guidance of Social Security Ruling (SSR) 03-2p, "Titles II and XVI: Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome." SSR 03-2p, 2003 WL 22399117 (Oct. 20, 2003). "Although Social Security Rulings do not have the same force and effect as the statute or regulations,

they are binding on all components of the Social Security Administration . . . and are to be relied upon as precedents in adjudicating cases." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (alteration in original) (citation omitted).

The ALJ stated that she had nonetheless "considered all of the claimant's established symptoms and resulting functional limitations—regardless of the diagnostic label attached to them—in assessing the maximum residual functional capacity." But her decision does not mention the impairments to Givens's left hand and arm, which Dr. Lim expressly noted.

In assessing Dr. Lim's opinions, the ALJ focused on Dr. Lim's brief later opinions from 2016 and 2017 and rejected their apparent view that Givens's condition was worsening. The ALJ did not address in any meaningful way the notes and opinions from 2011 and 2012 in which Dr. Lim described more fully Givens's CRPS diagnosis and its attendant limitations. She thus did not provide specific and legitimate reasons for tacitly rejecting those parts of his opinions. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007) ("Of course, an ALJ cannot avoid [the requirement to give reasons for rejecting a medical opinion] simply by not mentioning the treating physician's opinion and making findings contrary to it.").

The ALJ's errors were not harmless because they were not "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Because Givens has not requested a remand for an award of benefits, we do not consider whether such relief would be appropriate at this stage and instead remand for further proceedings. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("A remand for an immediate award of benefits is appropriate, however, only in 'rare circumstances.'" (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014))). On remand, the ALJ is directed to evaluate Givens's CRPS with the guidance of SSR 03-2p and to reassess Givens's residual functional capacity, including all of his relevant limitations.

**REVERSED and REMANDED.**